CLEOPHAS AND VELMA S. MOSBY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mosby v. Commissioner
Docket No. 2070-82.
United States Tax Court
T.C. Memo 1984-90; 1984 Tax Ct. Memo LEXIS 583; 47 T.C.M. (CCH) 1154; T.C.M. (RIA) 84090; February 27, 1984. Lonnie G. McGee, for the petitioners. Elaine Moriwaki, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION "KORNER, Judge: For the calendar year 1978, respondent determined a deficiency in petitioners' income tax of $2,908, together with additions to tax under section 6651(a) [1] of $75.25, and under section 6653(a) of $275.35. Petitioners having assigned no error to respondent's determination of addition to tax under section *584 6651(a), the issues which we must decide are: (a) Whether the sum of $10,000 paid to petitioner Cleophas Mosby in 1978 by the corporation of which he was the sole shareholder constituted taxable income to him, as determined by respondent, or constituted a nontaxable distribution, as contended by petitioners; and (b) whether petitioners are liable for an addition to tax under section 6653(a). FINDINGS OF FACT Some of the facts herein are stipulated, and such stipulation, together with attached exhibits, are incorporated herein by this reference. Cleophas (hereinafter "petitioner") and Velma S. Mosby (hereinafter "petitioners") were residents of San Diego, California at the time the petitioner in this case was filed. They mailed their joint Federal income tax return for that year to the Internal Revenue Service Center at Fresno, California on June 16, 1979. Andrea Enterprises, Inc. (hereinafter "the corporation") was incorporated in California in December *585 1969, and commenced doing business in 1970 as an electing small business corporation within the meaning of section 1371, et seq. Among other things, the corporation operated a car wash facility on the outskirts of San Diego, California. For the years 1970 through 1974, petitioner was employed by the corporation as the manager of the car wash, responsible for most aspects of the operation except the bookkeeping. During these same years, the corporation filed its Federal tax returns on Form 1120S. In the year 1975, petitioner purchased all the stock of the corporation, became its president, and continued to operate the car wash as the active manager. The corporation then apparently lost its status as a qualifying small business corporation, and for the years 1975 through 1978, it filed regular corporate income tax returns on Form 1120. During said years, the compensation received by petitioner from the corporation was as follows: Year
Compensation
1975
$18,040
1976
53,656
1977
41,833
1978
34,250
During some part of the above period, the compensation received by petitioner from the corporation consisted not only of cash salary payments, but also of personal *586 obligations of petitioner which were paid for his benefit by the corporation and which were charged to petitioner's salary account. All such payments were deducted by the corporation in its tax returns as compensation to petitioner. On their joint income tax return for 1978, petitioners reported only $24,250 as petitioner's compensation from the corporation. In his timely issued statutory notice of deficiency herein, respondent determined that the additional $10,000 which petitioner had received was properly reportable as taxable income, and further determined that petitioner was liable for an addition to tax under section 6653(a), because of petitioner's negligence or intentional disregard of rules and regulations. OPINION Although it is clear that petitioners challenge the correctness of respondent's determination that $10,000, which was received by petitioner from the corporation as part of the compensation paid to him for 1978, was taxable income to him, petitioners' position, and their theory of the case, has not been entirely easy to ascertain. [2] In their petition herein, petitioners allege simply that petitioner's compensation from the corporation was $24,250, and *587 that the corporation also paid petitioner a dividend distribution of $10,000 during 1978, which dividend was not taxable in petitioner's hands. In the opening statement for petitioners at the trial of this case, however, and in response to questions propounded by the Court, it finally became clear that petitioners' theory of the case was this: (a) That the compensation paid by the corporation to petitioner in 1978, in the amount of $34,250, was unreasonable compensation to the extent of $10,000; (b) that such unreasonable compensation was therefore not taxable to petitioner as compensation because it was not deductible as compensation by the corporation under section 162; (c) that the $10,000 must therefore be treated as a dividend to petitioner; and (d) was nontaxable in petitioner's hands because the corporation had no current or accumulated earnings and profits to support such a distribution. Petitioners, of course, have the burden of proof to establish these propositions, ; Rule 142(a). We hold *588 that they have completely failed to carry that burden, both as to the necessary facts and as to the applicable law. As to the facts: It is clear from this record that the entire $34,250 was paid to the petitioner by the corporation as compensation for his services, and was deducted as such by the corporation in its tax return for the year. There is not the slightest indication that the corporation intended such amount to be a dividend to any extent, or anything other than compensation to its president and the active manager of its business. On this record, we can do nothing else but find that the entire amount was paid by the corporation to petitioner, and received by him, in 1978 as compensation for his services. As to the law: Petitioners contend that, since petitioner's compensation from the corporation in 1978 was unreasonable to the extent of $10,000, this alleged fact, as a matter of law, converted the payment from compensation into a dividend; and from this, petitioners contend that since the corporation had inadequate current or accumulated earnings and profits to support a taxable dividend in any amount, the distribution should be a nontaxable return of capital *589 in petitioner's hands, and chargeable against the cost basis of his stock. We need not reach the later hurdles on this point-to-point race course constructed by petitioners, because it is clear that they have fallen off their horse at the first jump. Quite aside from the fact that petitioners introduced no evidence at all with respect to the reasonableness of petitioner's compensation from the corporation in 1978, [3] the law still is that compensation received by the employee as such is still taxable in his hands, even though it may be considered nondeductible as unreasonably excessive from the standpoint of the employer, ; nor is the taxability of the payment in the hands of the payee necessarily transformed by the fact that such payment may be disallowed as a deduction to the payor. ; . [4]
*590 We have held that where respondent has disallowed the alleged compensation payment as a deduction on the payor's side, on the grounds that it is unreasonable, and this determination has been accepted by the payor, the payee is not foreclosed from contending that the payment was something other than what it originally purported to be. . However, in that case, we said: But it is important to note that we are not confronted with a situation where respondent has accepted the compensation classification for all purposes and petitioners are now trying to disavow the consequences of the form of the transaction which they have chosen. [] That is exactly the situation here. Respondent has not challenged the characterization of the payment by the corporation to petitioner as compensation, nor has he raised any question about the reasonableness thereof as a deduction in the corporation's return, for all that this record shows. Petitioner was in complete control of this corporation and chose the form in which to cast the transaction in question. He cannot now, by *591 hindsight, try to recharacterize it for his own benefit. . We accordingly hold for respondent on this issue. [5]
The final issue which we must address is the propriety of respondent's action in imposing an addition to tax upon petitioners under the provisions of section 6653(a). Here again, the burden of proof is upon petitioners to show that they did not act negligently or with intentional disregard of respondent's rules and regulations. . Petitioners failed to address this issue at all, or offer any evidence in respect of it, except petitioner's testimony that he knew nothing about it and left bookkeeping and tax return matters to the accountants. Petitioners cannot avoid their responsibility in this fashion. . Accordingly, respondent's determination must be sustained. Decision will be entered *592 for respondent.
Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as in effect in the year in issue; and all Rule references are to the Rules of Practice and Procedure of the Tax Court, unless otherwise noted.↩
2. Although directed to do so by the Court, petitioners have filed no requested findings of fact or brief herein.↩
3. We note that his compensation from the corporation was considerably higher in both 1976 and 1977 than it was in 1978. ↩
4. As professor Mertens has said: "There is no necessary correlation between the payor's right to a deduction for a payment and the taxability of the payment to the recipient." 1 Mertens, Law of Federal Income Taxation, sec. 6.02 (1981).↩
5. In view of our holding above, it becomes unnecessary to consider the other questions raised by petitioner as to the amount of available earnings and profits of the corporation to support a dividend.↩